480

## CIRCUIT COURT OF AMHERST COUNTY

Willie Ann Woodson

v.

Central Virginia
Training Center

July 12, 2002

Case No. CL 5747

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to render my decision in the above matter. In this regard, the decision of the hearing officer dated April 18, 2002, is reversed as being contrary to law. The Group III written notice issued by the management of the Central Virginia Training Center, discharging Willie Ann Woodson, is reinstated. My reasons for this ruling are set forth below.

The facts in this matter clearly show that the grievant committed a Group III offense under the Standards of Conduct adopted by the Department of Human Resources (DHRM) of the Commonwealth of Virginia. Departmental Instruction 201 of the Department of Mental Health, Mental Retardation and Substance Abuse Services (DMHMRSAS) of the Commonwealth, Exhibit 14, makes patient abuse a Group III offense under the Standards of Conduct for which an employee may be discharged. Accordingly, under both the DHRM Standards of Conduct and the DMHMRSAS Departmental Instruction 201, the agency may terminate an employee for client abuse as a Group III offense under the Standards of Conduct.

In the instant case, the facility director of the Central Virginia Training Center terminated Ms. Woodson for committing a Group III offense. This is the expected action under § 201-8 of Departmental Instruction 201 where it is

stated: "It is expected that a facility director will terminate an employee found to have abused or neglected a client."

The hearing officer decided to mitigate the disciplinary action against Ms. Woodson. Although he allowed the Group III disciplinary finding to stand, he reinstated Ms. Woodson without back pay or benefits.

The action of the hearing officer to mitigate the punishment is based upon his interpretation of the Standards of Conduct and § 2.2-3005(C)(6) of the Code of Virginia.

The hearing officer correctly noted that § VII.C.1 of the Standards of Conduct allows for the mitigation of Group III offenses. The hearing officer, however, incorrectly applied this provision to the remedies available to a hearing officer. By its very terms, § VII.C.1 grants to the "agencies" the authority to mitigate a Group III disciplinary action. Further, this is supported by Departmental Instruction 201, § 201-8. Section 201-8 provides that mitigating factors may be considered in cases of client abuse. This section, however, limits the consideration of mitigation to the "facility director." Accordingly, I find that the hearing officer misapplied the policies established for mitigation of Group III client abuse offenses because mitigation is reserved by policy to the agency management.

Additionally, the hearing officer, in fashioning his remedy, misapplied § 2.2-3005(C)(6) of the Code of Virginia. The hearing officer interpreted this section to allow reinstatement where the agency had elected termination for a Group III offense. Under the facts of this case, reinstatement is not a remedy available to the hearing officer. Section 2.2-3004(B) of the Code of Virginia reserves to the management of an agency the right to manage the affairs and operations of that agency. The regulations in this case reserve unto management the decision as to whether a Group III offense should be mitigated. The hearing officer cannot exceed the authority granted by the regulations governing the agency.

Accordingly, I find the ruling of the hearing officer granting mitigation is contrary to law as provided in § 2.2-3006(B) of the Code of Virginia.

*Order*

This case matured for hearing on July 10, 2002. Appearing were Martha M. Parrish, Assistant Attorney General, on behalf of the Central Virginia Training Center, and James H. Massie, III, Esq., on behalf of Willie Ann Woodson. Upon consideration of the record and the argument of counsel, and for the reasons stated in this Court's opinion letter dated July 12, 2002, which is incorporated into this order, the Court doth adjudge, order, and decree that

482

the decision of the hearing officer dated April 18, 2002, is reversed as contrary to law under § 2.2-3006(B) of the Code of Virginia. The Court doth further adjudge, order, and decree that the Group III notice of termination of employment to Willie Ann Woodson is reinstated and that Willie Ann Woodson is terminated from employment at the Central Virginia Training Center. Endorsement by counsel is waived pursuant to Rule 1:13 of the Rules of the Supreme Court of Virginia. A copy of this order has been mailed to counsel on this date. This matter is now ended and dismissed from the docket of this Court.